**FILED**

*4:57 pm, 7/27/20*

**Margaret Botkins
Clerk of Court**

Richard R. Rardin
COZEN O'CONNOR
707 17th Street, Suite 3100
Denver, CO  80202
Telephone:     720.479.3900
Facsimile:      720.479.3890
E-mail:rrardin@cozen.com

Michael W. Melendez (*Pro Hac Vice To Be Filed*)
Teri Mae Rutledge (*Pro Hac Vice To Be Filed*)
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone:     415.644.0914
Facsimile:      415.644-0978
E-mail:mmelendez@cozen.com
E-mail:trutledge@cozen.com

Attorneys for Plaintiff NATIONWIDE MUTUAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>COUPENS CONSTRUCTION, LLC; NEIL COUPENS; KRAMER HIRZ; AMANDA HIRZ F/K/A AMANDA KELLY; FABIAN ROMERO; TINA ROMERO; JOSEPH PEKURI; RITA PEKURI; CHRIS EVANS; JESSICA EVANS; KEVIN LOPEZ; SHEILA LOPEZ; AMY DORMAN; CHARLES HUTSON; KELSEY HUTSON; BRYAN LARSON; JANEL LARSON; BRENDA HAGG; FRANCES RAIRDON; JOSE FERNANDEZ and GENO MUNOZ,<br><br>            Defendants. | COMPLAINT FOR DECLARATORY RELIEF<br><br>Case No.: 20-cv-00140 -ABJ |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Nationwide Mutual Insurance Company ("Nationwide") files this complaint for declaratory relief against defendants Coupens Construction, LLC and Neil Coupens (Coupens Construction LLC and Neil Coupens are referred to collectively as "Coupens"), and Kramer Hirz, Amanda Hirz F/K/A Amanda Kelly, Fabian Romero, Tina Romero, Joseph Pekuri, Rita Pekuri, Chris Evans, Jessica Evans, Kevin Lopez, Shelia Lopez, Amy Dorman, Charles Hutson, Kelsey Hutson, Bryan Larson, Janel Larson, Brenda Hagg, Frances Rairdon, Jose Fernandez, and Geno Munoz (collectively, the "Claimant Defendants").

## NATURE OF ACTION

1. Nationwide seeks judicial declarations regarding the existence and scope of coverage available under the commercial general liability policies that Nationwide issued to Coupens for Claimant Defendants' claims in litigation pending in the State of Wyoming, County of Natrona, Seventh Judicial District Court, entitled 1) *Hirz, et al. v. Hall, et al.,* Civil Action No. 102310; 2) *Rairdon, et al. v. Broker One Real Estate Inc., et al.* Civil Action 102886; and 3) *Munoz v. Broker One Real Estate, Inc., et al.,* Civil Action No. 104698, all of which were consolidated under Civil Action No. 102310 (the "Underlying Action").

## THE PARTIES

2. Nationwide is an Ohio corporation with its principal place of business in Columbus, Ohio.

3. Defendant Coupens Construction LLC is a Wyoming limited liability company with its principal place of business in Natrona County, Wyoming.

4. On information and belief, defendant Neil Coupens is a resident of Natrona County, Wyoming

5. On information and belief, Kramer Hirz is a resident of Natrona County, Wyoming.

6. On information and belief, Amanda Hirz, formerly known as Amanda Kelly, is a resident of Natrona County, Wyoming.

7. On information and belief, Fabian Romero is a resident of Natrona County, Wyoming.

8. On information and belief, Tina Romero is a resident of Natrona County, Wyoming.

9. On information and belief, Joseph Pekuri is a resident of Natrona County, Wyoming.

10. On information and belief, Rita Pekuri is a resident of Natrona County, Wyoming.

11. On information and belief, Chris Evans is a resident of Natrona County, Wyoming.

12. On information and belief, Jessica Evans is a resident of Natrona County, Wyoming.

13. On information and belief, Kevin Lopez is a resident of Natrona County, Wyoming.

14. On information and belief, Shelia Lopez is a resident of Natrona County, Wyoming.

15. On information and belief, Amy Dorman is a resident of Natrona County, Wyoming.

16. On information and belief, Charles Hutson is a resident of Natrona County, Wyoming.

17. On information and belief, Kelsey Hutson is a resident of Natrona County, Wyoming.

18. On information and belief, Bryan Larson is a resident of Natrona County, Wyoming.

19. On information and belief, Janel Larson is a resident of Natrona County, Wyoming.

20. On information and belief, Brenda Hagg is a resident of Natrona County, Wyoming.

21. On information and belief, Frances Rairdon is a resident of Natrona County, Wyoming.

22. On information and belief, Jose Fernandez is a resident of Natrona County, Wyoming.

23. On information and belief, Geno Munoz is a resident of Natrona County, Wyoming.

## STATEMENT OF JURISDICTION AND VENUE

24. This action is brought pursuant to 28 U.S.C. section 2201 and 28 U.S.C. section 1332. Nationwide is a citizen of Ohio. On information and belief, all Defendants are citizens of Wyoming.

25. An actual controversy exists between Nationwide, on the one hand, and Defendants, on the other hand, regarding the existence and scope of insurance coverage in connection with the Underlying Action.

26. The amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of costs, interest and attorneys' fees. The Claimant Defendants seek an amount in excess of $75,000.

27. Venue is appropriate in the United States District Court for the District of Wyoming under 28 U.S.C. section 1391 because the policyholder, Coupens, resides in this judicial district and the insurance policy which forms the basis of this dispute was delivered to Coupens in this judicial district.

## THE UNDERLYING ACTION

28. Kramer Hirz, Amanda Hirz, Fabian Romero, Tina Romero, Joseph Pekuri, Rita Pekuri, Chris Evans, Jessica Evans, Kevin Lopez, Shelia Lopez, Amy Dorman, Charles Hutson, Kelsey Hutson, Bryan Larson, Janel Larson, Brenda Hagg, Galen Patrick, Crystal Beagle, Randall S. Hall, Michele Trost-Hall, and Mark A. Nester filed the lawsuit entitled, *Hirz, et al. v. Hall, et al.,* Civil Action No. 102310, in the Wyoming County of Natrona, Seventh Judicial District Court.

29. Frances Rairdon and Jose Fernandez filed the lawsuit entitled, *Rairdon, et al. v. Broker One Real Estate Inc., et al.*, Civil Action 102886, in the Wyoming County of Natrona, Seventh Judicial District Court.

30. Geno Munoz filed the lawsuit entitled, *Munoz v. Broker One Real Estate, Inc., et al.*, Civil Action No. 104698, in the Wyoming County of Natrona, Seventh Judicial District Court.

31. On information and belief, the *Hirz, Rairdon,* and *Munoz* actions have been consolidated for all purposes.

32. On information and belief, all claims by the Claimant Defendants in the *Hirz, Rairdon* and *Munoz* actions against Coupens will be arbitrated.

33. Coupens was one of the general contractors for the Mesa Del Sol Addition in Casper, Wyoming.

34. The Claimant Defendants' homes were allegedly subject to construction defects, including that the homes were not designed and built properly given the character of the soil, which was allegedly known to Coupens.

35. The Claimant Defendants brought causes of action for negligence and negligent misrepresentation against Coupens.

## NATIONWIDE'S POLICIES

36. Plaintiff Nationwide issued commercial general liability policy number ACP GLO 7535110283, effective June 19, 2014 to June 19, 2015, to Coupens Construction LLC.

37. Plaintiff Nationwide issued commercial general liability policy number ACP GLO 7545110283, effective June 19, 2015 to June 19, 2016, to Coupens Construction LLC

38. Plaintiff Nationwide issued commercial general liability policy number ACP GLO 7555110283, effective June 19, 2016 to June 19, 2017, to Coupens Construction LLC.

39. Plaintiff Nationwide issued commercial general liability policy number ACP GLO 7565110283, effective June 19, 2017 to June 19, 2018 to Coupens Construction LLC. Nationwide's Policies are referred to collectively as "the Policies."

40. Each Policy is subject to an "Each Occurrence" limit of $1,000,000.

41. Each Policy provides:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Inuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies….

   b. This insurance applies to "bodily injury" and "property damage" only if:

      1) The "bodily injury or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

      2) The "bodily injury" or "property damage" occurs during the policy period.

      3) Prior to the policy period, no insured listed under Paragraph 1, Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph I. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

    d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim;

        1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

        2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

        3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

42.    Each Policy does not cover damages because of "property damage" occurring outside its policy period.

43.    Each Policy does not cover damages because of "property damage" caused by an "occurrence" if such "property damage" or "occurrence" or claim was known before the policy period.

44.    Each Policy defines "property damage" to mean:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

45.    For completed operations, each Policy defines "occurrence" to mean, "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

46.    Each Policy does not allow the "stacking" of limits to the same loss under a condition entitled, "Two or More Coverage Forms or Policies Issued by Us," which provides:

> If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "occurrence," the aggregate maximum limit of insurance under all the Coverage Forms or

policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy.

This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

47. Each Policy provides:

2. Exclusions

\* \* \*

j. Damage to Proprety

"Property damage" to:

\* \* \*

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\* \* \*

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard.

48. Nationwide policy number ACP GLO 7535110283 contains a Contractors Enhancement Endorsement that provides:

**EXPANDED PROPERTY DAMAGE COVERAGE**

For the purposes of this endorsement only:

SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions is amended as follows:

a. Exclusions j.(3), j.(5), and j.(6) are deleted in their entirety.

\* \* \*

    c. The following exclusions are added :

\* \* \*

        2. The coverage provided by this endorsement does not apply to "property damage" included in the "products-completed operations hazard".

**Limit of Insurance** - The most we will pay for "property damage" provided by this coverage in any one "occurrence" is $5,000.

**Deductible** - Our obligation to pay for a covered loss applies only to the amount of loss in excess of $250.

49. Nationwide policy number ACP GLO 7545110283, policy number ACP GLO 7555110283, and ACP GLO 7565110283 contain a Contractors Enhancement Endorsement substantially similar to the Contractors Enhancement Endorsement in Nationwide policy number ACP GLO 7535110283.

### NATIONWIDE'S DEFENSE OF THE UNDERLYING ACTION

50. Nationwide is defending Coupens against the Underlying Action pursuant to a reservation of rights.

### COUNT I – DECLARATORY RELIEF
**(Damages Because of "Property Damage")**

51. Nationwide re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

52. Nationwide and Coupens are parties to the Policies.

53. Each Policy provides that Nationwide is obligated to pay those sums the insured becomes legally obligated to pay because of "property damage," which each Policy defines as "physical injury to tangible property, including all resulting loss of use of that property" and "loss of use of tangible property that is not physically injured."

54. The Claimant Defendants allege that they have suffered "stigma" damages due to Coupens' acts or omissions. Such "stigma damages" are not physical injury to tangible property or loss of use of tangible property, but are economic damages that are not covered by any of the Policies.

55. Nationwide's position is that "stigma damages" are not covered under the Policies. Nationwide is informed and believe that Coupens and Claimant Defendants contend that "stigma damages" are covered under the Policies.

56. An actual and justiciable controversy exists between Nationwide on one hand and Coupens and the Claimant Defendants on the other regarding "stigma damages" and whether they are covered under the Policies.

57. Nationwide seeks, pursuant to 28 U.S.C. section 2201 and Federal Rule of Civil Procedure 57, a judicial declaration the "stigma damages" are not covered under the Policies.

## COUNT II – DECLARATORY RELIEF
### (Defective Construction Is Not Covered)

58. Nationwide re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

59. Nationwide and Coupens are parties to the Policies.

60. Under the Policies and Wyoming law, defective construction is not covered under the Policies.

61. In the Underlying Action, Claimant Defendants seek to recover amounts for defective construction to their homes. Such defective construction is not covered under any of the Policies.

62. Nationwide's position is that defective construction is not covered under any of the Policies. Nationwide is informed and believes that Coupens and Claimant Defendants contend defective construction is covered under the Policies.

63. An actual and justiciable controversy exists between Nationwide on one hand and Coupens and the Claimant Defendants on the other, regarding defective construction and whether it is covered under the Policies.

64. Nationwide seeks, pursuant to 28 U.S.C. section 2201 and Federal Rule of Civil Procedure 57, a judicial declaration that defective construction is not covered under the Policies.

## COUNT III – DECLARATORY RELIEF
### ("Property Damage" During Ongoing Operations Is Limited to $5,000)

65. Nationwide re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

66. Nationwide and Coupens are parties to the Policies.

67. Under each Policy, the Contractors Enhancement Endorsement limits coverage for "property damage" that occurred during Coupens' ongoing operations to $5,000.

68. In the Underlying Action, Claimant Defendants seek to recover amounts for "property damage" that occurred during Coupens' ongoing operations. The Policy limit for such claims is $5,000.

69. Nationwide's position is that coverage for any "property damage," if any, that the Claimant Defendants suffered during Coupens' ongoing operations is limited to $5,000. Nationwide is informed and believe that Coupens and Claimant Defendants contend that coverage for any "property damage," if any, that Claimant Defendants suffered during Coupens' ongoing operations is not limited to $5,000.

70. An actual and justiciable controversy exists between Nationwide on one hand and Coupens and the Claimant Defendants on the other, regarding whether coverage for any "property damage," if any, that Claimant Defendants suffered during Coupens' ongoing operations is limited to $5,000.

71. Nationwide seeks, pursuant to 28 U.S.C. section 2201 and Federal Rule of Civil Procedure 57, a judicial declaration that coverage for "property damage," if any, that the Claimant Defendants suffered during Coupens' ongoing operations is limited to $5,000 under the Policies.

## COUNT IV – DECLARATORY RELIEF
### (Only One $1 Million Limit Applies)

72. Nationwide re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

73. Nationwide and Coupens are parties to the Policies.

74. The Policies provide that where more than one Policy applies to any "occurrence," the aggregate maximum limit of insurance under all the Policies shall not exceed the highest applicable limit of insurance under any one Policy.

75. One or more Policies may apply to the claims in the Underlying Action. To the extent that more than one Policy applies, the aggregate maximum limit of insurance under all the applicable Policies is $1 million.

76. Nationwide's position is that if more than one Policy applies to the Underlying Action, the aggregate maximum limit of insurance under all the applicable Policies is $1 million. Nationwide is informed and believes that Coupens and Claimant Defendants contend that if more than one Policy applies to the Underlying Action, the aggregate maximum limit of insurance under all the applicable policies is more than $1 million.

77. An actual and justiciable controversy exists between Nationwide on one hand and Coupens and the Claimant Defendants on the other, whether, if more than one Policy applies to the Underlying Action, the aggregate limit of insurance under all the applicable Policies is $1 million.

78. If more than one Policy applies to the Underlying Action, Nationwide seeks, pursuant to 28 U.S.C. section 2201 and Fed. R. Civ. Proc. 57, a judicial declaration that the aggregate maximum limit of insurance under all the applicable Policies is $1 million.

## PRAYER

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against all Defendants as follows:

A. That the Court enter a judicial declaration that any claims against Coupens in the Underlying Action for damages that are not because of "property damage" are not covered under the Policies;

B. That the Court enter a judicial declaration that any claims against Coupens in the Underlying Action for defective construction are not covered under the Policies;

C. That the Court enter a judicial declaration that any claims against Coupens in the Underlying Action for "property damage" that occurred during Coupens' ongoing operations is limited to $5,000 under the Policies;

D. That the Court enter a judicial declaration that if more than one Policy applies to the Underlying Action, the aggregate maximum insurance under all the applicable Policies is $1 million;

E. That Plaintiff be awarded its costs of suit; and

F. For all such other and further relief as the Court finds just and proper.

Dated this 27th day of July, 2020

By: _____
Richard R. Rardin, Wyoming Bar No. 5-2888
COZEN O'CONNOR
707 17th Street, Suite 3100
Denver, CO 80202
Telephone:     720.479.3900
Facsimile:      720.479.3890
E-mail:    rrardin@cozen.com

Michael W. Melendez (*Pro Hac Vice To Be Filed*)
Teri Mae Rutledge (*Pro Hac Vice To Be Filed*)
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone:     415.644.0914
Facsimile:      415.644-0978
E-mail:    mmelendez@cozen.com
E-mail:    trutledge@cozen.com

Attorneys for Plaintiff Nationwide Mutual Insurance Company